UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY BUFFORD and ANTOINE BUFFORD, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:22-CV-01319-NCC ) |
| CITY OF ST. LOUIS, MISSOURI, LT. COL. MICHAEL SACK, POLICE OFFICER LUCAS ROETHLISBERGER, and POLICE OFFICER MARTINOUS WALLS, | ) ) ) ) ) |
| Defendants. | ) |

### SIXTH AMENDED CASE MANAGEMENT ORDER

This matter is before the Court on its own motion. As discussed at the status conference held on March 14, 2025, the Court must reschedule the trial in this case. Counsel have indicated that October 6, 2025 would be a mutually agreeable alternative trial date.

Accordingly,

**IT IS HEREBY ORDERED** that the **JURY TRIAL** currently set for Monday, April 28, 2025, at 9:00 a.m., is **CONTINUED to Monday, October 6, 2025,** at **9:00 AM.**

**IT IS FURTHER ORDERED** that a **Final Pretrial Conference** is set for **Wednesday, October 1, 2025**, at **1:30 PM**.

**IT IS FURTHER ORDERED** that the Fifth Amended Case Management Order dated September 10, 2024 (Doc. 67) is amended as follows:

**I.    SCHEDULING PLAN**

…

4. This case shall be referred to alternative dispute resolution at a later date, upon further Order of the Court.

…

6.  A final pre-trial conference is set for **Wednesday, October 1, 2025, at 1:30 PM**. This action may be set for an additional pre-trial conference prior to the final pre-trial conference.

## II.  ORDER RELATING TO TRIAL

This action is set for a **JURY TRIAL** on **Monday, October 6, 2025, at 9:00 AM,** before the undersigned United States Magistrate Judge.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.  **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.  **Witnesses**:

    (a)  Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b)  Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.  **Exhibits**:

    (a)  Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

    (b)  Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    (c)  Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least ten (10) days prior to trial** may be considered waived.

4.  **Depositions, Interrogatory Answers, and Request for Admissions**:

    (a)  Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions

of such depositions not listed by the offering party which opposing counsel proposes to offer.

        (b)   Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

        5.   **Findings of Fact, Conclusions of Law and Trial Brief**: Submit to the Court and to opposing counsel full, complete, and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems, on or before **September 17, 2025**.

        6.   **Motions In Limine**:  File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, on or before **September 17, 2025**.  If a motion in limine is filed, the opposing party must file a response on or before **September 22, 2025**.

**Failure to comply with any part of this order may result in the imposition of sanctions**.

 

_/s/ Noelle C. Collins_
HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of April, 2025.