**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TAMMY BUFFORD, individually and as Administrator of the Estate of Cortez D. Bufford, and ANTOINE BUFFORD, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF ST. LOUIS, MISSOURI, )<br>LT. COL. MICHAEL SACK, )<br>POLICE OFFICER LUCAS ROETHLISBERGER, )<br>and POLICE OFFICER MARTINOUS WALLS, )<br>)<br>Defendants. ) | Cause No.: 4:22-cv-01319-NCC<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL
### (Doc. #163)

COME NOW Plaintiffs, Tammy Bufford, individually and as Administrator of the Estate of Cortez D. Bufford, and Antoine Bufford, decedent's parents, by and through their undersigned counsel, and for their Response to Defendant's Motion to Continue Trial (Doc. #163), respectfully state as follows:

1. On or about January 26, 2026, Defendant filed his "Motion to Continue Trial" (Doc. #163) in which Defendant seeks to continue trial until July 27, 2026 or later and seeks to reopen discovery.

2. Specifically, Defendant seeks to "complete discovery tasks that are required for orderly trial preparation" (Doc. #163, ¶ 3), "including deposition and written discovery that remain to be finalized" (Doc. #163, ¶ 4), and seeks to "retain and prepare an expert witness" (Doc. #163, ¶ 5).

3. Plaintiffs oppose Defendant's motion.

4. Pursuant to Federal Rule of Civil Procedure 16(b), the schedule entered by the Court "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

5. Good cause is measured by "the movant's diligence in attempting to meet the order's requirements." *Strickland v. Kansas City*, No. 4:23-cv-00313-DGK, 2024 WL 3755240, at *1 (W.D. Mo. Apr. 23, 2024) (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2001); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("[t]o establish good cause, a party must show its diligence in attempting to meet the progression order").

6. "Courts consistently hold that parties are not entitled to relief from progression order deadlines when the parties have been lax in the conduct of discovery." *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995). Lack of diligence alone forecloses a party's ability to show good cause. See *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716-17 (8th Cir. 2008); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (declining to modify scheduling order to conduct discovery and continue trial date following attorney withdrawal; "we have no need to explore beyond the first criterion [diligence] because the record clearly demonstrates that [movant] made only minimal efforts to satisfy the [case management order's] requirements."); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998).

7. Defendant fails to provide any good cause for why Defendant should be allowed, at the eleventh hour, to reopen discovery and retain an expert on Defendant's behalf. (See Doc. #163, ¶ 4). Nor did Defendant identify what is meant by the allegation that written discovery is yet to be finalized. (See Doc. #163, ¶ 3-4).

8. Plaintiffs filed this case on December 8, 2022, and discovery in this matter closed on July 25, 2024. (See Doc. #50).

9. Defendant's opportunity to disclose an expert witness closed on May 7, 2024, and the deadline to depose Defendant's expert(s) closed on June 6, 2024. (See Docs. #46, 50).

10. Trial is set for April 27, 2026, and is expected to last five days. (Doc. #157).

11. Now, approximately twenty months after Defendant's deadline to disclose experts, and a mere three months before trial, Defendant seeks to do what he could have done long ago.

12. Defendant's motion, if granted, is fundamentally prejudicial to Plaintiffs. Defendant chose not to disclose any expert during the discovery period, which was open for approximately nineteen months and closed approximately one and a half years ago. Further, Plaintiffs would now incur not just the delay but the expenses of expert discovery. See, R.26(b)(4)(E)(i.) Now, Defendant seeks to remove himself from the Court ordered second mediation he previously indicated he was willing to participate in and seeks to reopen discovery to prepare for trial.

13. Defendant had ample opportunity to participate in discovery during the course of these proceedings pursuant to scheduling orders and has no reasonable justification for failing to do so then and requesting to do so now.

14. "A change in counsel does not constitute good cause because new counsel is 'bound by the actions of their predecessor.'" *Carlson v. Geneva City School Dist.*, 277 F.R.D. 90, 96 (W.D.N.Y.2011) (*quoting Glover v. Jones,* 2006 WL 3207506, *4 (W.D.N.Y.2006), *reconsidered on other grounds*, 2007 WL 87623 (W.D.N.Y.2007)). "Nor does a mistake or oversight by counsel

excuse the delay." *Carlson v. Geneva City School Dist.,* 277 F.R.D. 90, 96 (W.D.N.Y.2011) (citing *Davidowitz v. Patridge,* 2010 WL 1779279, *4 (S.D.N.Y.2010)).

15. Retaining new counsel with new litigation strategies is not good cause to reopen discovery or extend deadlines. See *Rogers v. Medicredit, Inc.,* 2013 WL 4496278, *3 (E.D. Mo. 2013) (*citing Harshaw v. Bethany Christian Services,* 2010 WL 8032038, *8-9 (W.D. Mich. Aug. 5, 2010)); see also *Structural Polymer Group, Ltd. v. Zoltek Corp.*, 2006 WL 8445554, *2 (E.D. Mo. 2006).

16. To find good cause simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel. *Rogers v. Medicredit, Inc.,* 2013 WL 4496278, *3 (E.D. Mo. 2013) (*citing Alexander v. Westbury Union Free School Dist.*, 829 F.Supp.2d 89, 118 (E.D.N.Y. Nov. 4, 2011)).

17. This Court has previously ruled that plaintiff's argument that their new counsel required additional time to become familiar with the evidence produced in discovery did not constitute good cause to amend the scheduling order where plaintiff did not include its request with an earlier request to modify other deadlines in the scheduling order. *Zorich v. Zavorka*, 2016 WL 6679842, *2 (E.D. Mo. 2016); see *Mills v. St. Louis County Government*, 2018 WL 2117656 (E.D. Mo. 2018) (plaintiff's motion for leave to amend pleading after deadline to amend passed based upon new counsel was not good cause under Rule 16(b)).

18. Here, the parties jointly requested modification of the scheduling order regarding extending the close of discovery, in order to allow for the completion of timely-noticed depositions by Plaintiffs, and Defendant did not raise his desire to conduct any depositions or to disclose an expert. (See Doc. #48).

19. This exact issue was previously raised by the defense in August 2024, when Defendant's then-new (and now former) counsel requested to continue trial and requested for the first time after the close of discovery to take Plaintiffs' depositions out of time on, allegedly, only the topic of damages (Doc. #61), which Plaintiffs opposed (Doc. #62).

20. The Court, on August 30, 2024, entered an order denying Defendants' motion to conduct out of time depositions of Plaintiffs, which were first requested after the close of discovery, stating, "Defendants have not shown good cause or any equitable reason why the Court should reopen discovery and allow them to take Plaintiffs' depositions which they already had ample opportunity to conduct." (Doc. #63, p. 4).

21. The Court noted that Defendants "provided no explanation for waiting several weeks after the close of discovery to make their first request for these depositions, nor did they provide any reason why the depositions could not have been completed, or at least timely noticed, within the discovery deadline. Further, the Court has held several status conferences and Defendants never mentioned their desire to depose Plaintiffs, even at the status hearing held a mere six days before Defendants requested [the] depositions from Plaintiffs." (Doc. #63, p. 4).

22. Likewise, here, there is no explanation for waiting so long after the close of discovery to state Defendant would like to retain an expert. It may be that the defense is now concerned that there is no defense-supporting forensic evidence in litigation or in police investigations from 2019 to date. It may be that the Court has recognized the lack of defense evidence based on rulings on that very subject. See, generally, Doc. #126, p. 4.

23. A change in counsel, with a difference of opinion in defense strategy, is not sufficient grounds for good cause to reopen discovery. Defendant, with prior counsel, could have disclosed an expert, and he chose not to.

24. Defendant has had multiple attorneys enter and withdraw, Attorney Hagan has been of record for Defendant since February 20, 2024, which was prior to Defendant's deadline to disclose an expert and prior to the close of discovery. (Doc. #38). It may be that the defense elected not to name a defense expert witness based on expense, then strategy, or then litigation or police leadership. Incidentally, Ms. Hagan sought withdrawal on October 23, 2025 (Doc. #146), which was denied (Docs. #147, 148). Ms. Hagan renewed her motion to withdraw orally on December 3, 2025. (Doc. #158). The Court ruled that Ms. Hagan's withdrawal would not be granted until after completion of the second mediation, though the Court did not enter a written order to that effect.

25. "[E]ven if the movant shows good cause, the court 'retains discretion as to whether to grant the motion' because the scheduling order is 'a vehicle designed to streamline the flow of litigation through our crowded dockets.'" *Kelly,* 2020 WL 6120155 at *3 (*quoting Bradford*, 249 F.3d at 809).

26. The Court previously noted in that August 30, 2024 Order that it would "consider new dates with the understanding that it will hold firm to any amendments" in addressing the parties' *joint* request to amend the deadlines for summary judgment, Daubert motions, and trial settings. (Doc. #63, p. 2).

27. Since then, the parties fully briefed cross motions for summary judgment, motions regarding the admissibility of Plaintiffs' experts' testimony, and motions regarding the admissibility of Defendant's disclosed witnesses, and the Court has ruled on same. (See Docs. #69,

72, 74, 77, 80; see Court Orders Docs. #126, 127). In *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004 (8th Cir. 1998), the Court ruled that where a defendant had already prepared its summary judgment motion based at least partially on the lack of expert opinion to support plaintiff's claim, the district court did not abuse its discretion in excluding plaintiff's untimely disclosed expert. See *Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008-09 (8th Cir. 1998). Similarly, here, Plaintiffs' summary judgment motion was based in part on Defendant's lack of forensic or other expert testimony to establish Defendant's defense or rebut Plaintiffs' experts. (See Docs. #77-79).

28. Now, approximately one and a half years after close of discovery and after rulings on cross motions for summary judgment, Defendant is again attempting to conduct further discovery.

29. Because further discovery, including a new defense expert, could affect a jury's determination as to liability or damages, Plaintiffs will be harmed and prejudiced by the Court's granting of Defendant's motion.

30. This matter has been delayed, sometimes for reasonable scheduling reasons, and recently for changes in defense counsel.

31. Also presently pending before the Court is Defendant's motion to be excused from a second round of mediation. (Doc. #161, with response in opposition at Doc. #162).

32. If Defendant cannot muster reasonable participation in a second mediation such that he is seeking to proceed to trial, Defendant cannot also in the same breath request the reopening of discovery that has been closed for one and a half years in order to better prepare himself for trial. Defendant either has a strong enough defense to justify forgoing mediation and proceeding to trial or he does not.

33. Plaintiffs oppose Defendant's pending motions (Docs. #161 and 163) and request the Court affirm its orders regarding mediation and the trial setting.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant's Motion to Continue Trial (Doc. 163), deny Defendant his request to reopen discovery, and for other and further relief deemed just in the premises.

    Respectfully submitted,

By: ___*/s/ Paul A. Marks*_____
    Paul A. Marks, #6271319IL
    Amy L. Bailey, #6335525IL
    217 S. Main Street
    Edwardsville, IL 62025
    P | (618) 659-4499
    F | (855) 319-7816
    E | pleadings@sivialaw.com
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies pursuant to Fed. R. Civ. P. 5(b)(2)(E) that on 30 January 2026, the foregoing instrument was served upon counsel of record via email.

___*/s/ Tina M. Huett*_____