**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMMY BUFFORD and ANTOINE BUFFORD, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-01319-NCC |
| | ) | |
| POLICE OFFICER LUCAS ROETHLISBERGER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This matter is before the Court on Defendant's Motion to Continue Trial (Doc. 163). Plaintiffs filed a Response in opposition (Doc. 166).  On February 11, 2026, the Court held a status conference and took the motion under advisement (Doc. 168).  For the reasons set forth below, Defendant's motion will be denied.

Defendant requests continuance of the trial until after July 27, 2026, and extensions of pretrial deadlines including expert disclosures, discovery, dipositive motions, motions in limine, and extensions of pretrial conference dates (Doc. 163 at 1-3).  Defendant asserts additional time is necessary to complete depositions, finalize written discovery, and to retain an expert witness (*id*. at 2).  Defendant also asserts that current counsel substituted as counsel of record for Defendant on November 19, 2025, and requires additional time to become fully apprised of the case history, review and organize case materials, and prepare for trial (*id*. at 1-2).  Defendant cites no authority in support of the motion.

Plaintiffs oppose Defendant's motion, arguing that Defendant fails to provide good cause to reopen discovery and retain an expert, and that Defendant fails to identify what is meant by

the statement that written discovery is yet to be finalized (Doc. 166 at 2).  Plaintiffs note that

discovery was open for approximately 19 months and the deadline for discovery completion was

July 25, 2024, over 18 months ago (*id* at 3).  Defendant's deadline to disclose experts was May

7, 2024, more than 20 months ago (*id*.).

Plaintiffs further note that the scheduling order has previously been amended, and since

then, the parties fully briefed cross-motions for summary judgment, motions regarding the

admissibility of Plaintiffs' experts' testimony, and motions regarding the admissibility of

Defendants' disclosed witnesses, and that the Court has ruled on the motions (*id*. at 6).  Plaintiffs

assert they would be prejudiced by the requested continuances because cross-summary judgment

motions have already been ruled and because of resulting delay and the expense of expert

discovery at this point in the proceedings (*id*. at 3, 7).  Plaintiffs argue Defendant provides no

justification for the request, and that a change in counsel does not constitute good cause to

reopen discovery or extend deadlines (*id*. at 3-4).

Pursuant to Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for

good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *McMahon v. Robert Bosch

Tool Corp.*, No. 4:18-CV-583 CAS, 2019 WL 5213046, at *1–2 (E.D. Mo. Oct. 16, 2019)

(applying the good cause standard of Rule 16(b)(4) to a motion to continue the trial); *see also

Gurke v. Gresham*, No. 5:19-CV-05037-KES, 2023 WL 2976938, at *2 (D.S.D. Mar. 28, 2023);

*Rey v. Gen. Motors LLC*, No. 4:19-cv-00714-DGK, 2022 WL 675857, at *6 (W.D. Mo. Mar. 7,

2022).  The Eighth Circuit has "reiterated that a party seeking to modify a scheduling order must

always show good cause for the modification under Rule 16(b), and the measure of good cause is

the party's diligence in attempting to meet the existing deadlines."  *McMahon*, 2019 WL

5213046, at *1; *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) ("In other

2

words, the good-cause standard is not optional." (internal quotation omitted)).  While "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements, … '[t]he existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision.'"  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

Defendant has not shown the requisite good cause to modify the scheduling order, as Defendant has failed to make any showing of diligence in attempting to meet deadlines that have long expired.  Defendant's motion is entirely vague and fails to specify[1] the written discovery and depositions sought or provide any details regarding a potential expert.  It is also silent as to any explanation for why discovery, depositions, and retention of an expert could not be accomplished within the deadlines provided, and before dispositive motions were fully briefed and ruled upon.

The Court is cognizant of Defendant's change in counsel.  Defendant was originally represented by the City Counselor's Office (Doc. 8).  On July 22, 2025, more than six months ago, the Attorney General's Office entered an appearance on Defendant's behalf (Doc. 116).  One month after entering, Defendant filed a Motion to Vacate and Continue the Trial the Trial Setting (Doc. 120).  The Court granted Defendant's motion on September 4, 2025 (Doc. 129)

---

[1]At the status conference on February 11, 2026, Defendant's counsel clarified that certain interrogatory responses were missing from the file, indicating that an incomplete file was transferred from the City Counselor's Office.  During the conference, the parties agreed these responses could swiftly and easily be obtained from prior or opposing counsel, and that Defendant had not contacted either to do so.  Defendant's counsel also stated that the only depositions Defendant would request is Plaintiffs, and that counsel would like to explore the possibility of additional written discovery, based on the fact that counsel recently joined the case.  The Court notes, however, that a request to obtain Plaintiffs' depositions out of time was previously denied for lack of good cause to reopen discovery (Doc. 63).

3

after holding a status conference (Doc. 128).  The continuance order directed the parties to file a joint notice including three proposed trial dates for the Court's consideration (Doc. 129).  Due to challenges communicating with witnesses and coordinating schedules, the parties twice moved for extensions of time to provide potential trial dates (Docs. 131, 133), which the Court granted (Docs. 132, 134).  On October 1, 2025, the parties provided a joint notice to the Court proposing new trial dates for the Court's consideration (Doc. 137).  Thus, despite the change in counsel, at the time new potential trial dates were provided to the Court, the Attorney General's office participated in the date selection, thereby affirming to the Court that counsel was fully prepared to proceed to trial on those dates.

The Court also notes that the individual involved in choosing the trial date has since withdrawn and other attorneys from the Attorney General's office have entered appearances (Docs. 153, 154, 167).  Namely, new counsel from the Attorney General's Office entered an appearance on November 19, 2025 (Doc. 153).  The Eighth Amended Case Management Order selecting the parties proposed trial date of April 27, 2026 was entered on December 2, 2025, after new counsel's appearance (Doc. 157).  Despite having time to review the proposed dates and later, the trial setting, counsel did not file a motion to continue the trial at that time, nor could she enter an appearance with an expectation that trial would be continued.  *See Barclay v. Mercy Health Servs.-Iowa Corp.*, No. C 07-4074-MWB, 2009 WL 2462296, at *1 (N.D. Iowa Aug. 12, 2009) (Where new counsel entered an appearance approximately 3 months before trial and then filed a motion to continue the trial based on requiring additional time to prepare for trial, the court determined good cause was not shown for a continuance, and found that filing an appearance in the case served as an agreement to the date set for trial, "and new counsel could not take the case on the assumption that the court would continue a firm trial date.").

4

Additionally, the Court held a status conference on December 3, 2025, at which time Defendant's counsel did not raise an issue regarding the trial date set (Doc. 158).  Since that time, Defendant has filed other motions[2] regarding extensions to complete mediation and to be excused from mediation, yet still nothing was raised regarding additional discovery, depositions, experts, or the trial date, evidencing a lack of diligence as to these matters.

Further, although Defendant's counsel belatedly entered this case, courts have found that retention of new counsel does not establish good cause.  *See Structural Polymer Grp., Ltd. v. Zoltek Corp.*, No. 4:05-CV-321 (CEJ), 2006 WL 8445554, at *2 (E.D. Mo. June 8, 2006) ("Defendant's retention of new counsel with a different litigation theory does not amount to good cause to modify the pleadings."); *Rogers v. Medicredit, Inc.*, No. 4:12-CV-2277 CEJ, 2013 WL 4496278, at *3 (E.D. Mo. Aug. 21, 2013) (finding that retention of new legal counsel who sought to belatedly amend the complaint to litigate the case as a class action was a tactical decision original counsel chose not to pursue, and the fact that new counsel desired to do so did not establish good cause).  The court in *Rogers* noted:

> "[T]he fact that new counsel seeks to plead claims that prior counsel passed on does not establish good cause." *Field Day, LLC v. County of Suffolk,* 2013 WL 55697, *3 (E.D.N.Y. Jan. 3, 2013) (citing *Scott v. N.Y.C. Dep't of Corr.,* 445 F. App'x 389, 391 (2d Cir.2011)); *Harshaw v. Bethany Christian Services,* 2010 WL 8032038, *8–9 (W.D.Mich. Aug. 5, 2010) (Retaining new counsel with new litigation strategies is not good cause to reopen discovery or extend deadlines); *Alexander v. Westbury Union Free School Dist.,* 829 F .Supp.2d 89, 118 (E.D.N.Y. Nov. 4, 2011) ("To find good cause simply on the basis of new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel.") (citations omitted).

*Rogers*, 2013 WL 4496278, at *3.

---

[2] On December 11, 2025, Defendant filed a Motion for Extension of time to complete ADR (Doc. 159), and on January 13, 2026, a Motion to be Excused from Mediation (Doc. 161), neither of which raised any of the matters raised in the instant motion.

Here, while many deadlines passed before current counsel entered the case, prior counsel's lack of diligence or mistakes are also insufficient to establish good cause.  *See Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 96 (W.D.N.Y. 2011) ("Although much of the delay resulted from the change in counsel, a delay attributed to a change in counsel does not constitute good cause because new counsel is 'bound by the actions of their predecessor.'" (citing *Glover v. Jones,* 2006 WL 3207506, \*4 (W.D.N.Y.2006), *reconsidered on other grounds,* 2007 WL 87623 (W.D.N.Y.2007)).  Delay is not excused by prior counsel's "mistake or oversight."  *Carlson*, 277 F.R.D. at 96 (citing *Davidowitz v. Patridge,* 2010 WL 1779279, \*4 (S.D.N.Y.2010)).

Upon consideration of the foregoing, the Court simply cannot find that Defendant has proceeded diligently and, therefore, good cause does not exist to grant the motion.  Defendant provided no reasons why discovery requests or depositions could not have been completed earlier, nor why an appropriate expert was not timely sought.  This case has been pending for more than 3 years, the pertinent deadlines have long passed and dispositive motions have been considered and ruled upon.  Furthermore, the Attorney General's office participated in selecting the trial date, and did not diligently seek further modification.

Finally, "[w]hile the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."  *Sherman v. Winco Fireworks,* Inc., 532 F.3d 709, 717 (8th Cir. 2008).  Had the Court found diligence on the part of Defendant, the Court would still find that Plaintiffs would be prejudiced if a continuance were granted for the reasons Plaintiffs state in their opposition.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Continue Trial (Doc. 163) is

**DENIED**.

_____
HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of March, 2026.