**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TAMMY BUFFORD, et al.,  )
                        )
    *Plaintiffs,*       )
                        )
v.                      )     Case No. 4:22-cv-01319-NCC
                        )
CITY OF ST. LOUIS, *et al.,*  )
                        )
    *Defendants.*       )

## DEFENDANT'S MOTIONS IN LIMINE

Defendant, Lucas Roethlisberger, through counsel, respectfully moves this Court to limit the evidence and argument that the Plaintiff may present at trial. Defendant requests that this Court enter an Order prohibiting Plaintiff from referring to any portion of the trial and from introducing evidence, testifying, or eliciting testimony or mentioning the matters set forth below in the presence of the jury, including voir dire and deposition readings. Defendant further moves this Court to instruct Plaintiff and the witnesses not to mention, refer to, or attempt to convey to the jury in any manner, either directly or indirectly, anything related to the subjects referenced below during their testimony, without first obtaining permission from this Court outside the presence and hearing of the jury. In the alternative, Defendant asks this Court to strike any evidence related to the subjects referenced below.

1

**Motion in Limine #1. References to the financial disparity of the parties or the source of any award for damages.**

This Court should not allow Plaintiff to comment on the size of the St. Louis Metropolitan Police Department, the St. Louis Board of Police Commissioners, the resources of the City of St. Louis or the State of Missouri, or the Office of the Missouri Attorney General. Any such references are irrelevant and collateral, unfairly prejudicial to the Defendant, and would mislead and confuse the jury. The discussion of the source of a potential award is improper. *Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) (holding that, in §1983 action, court should not instruct jury that state will indemnify employee); *Griffin v. Hilke*, 804 F.2d 1052 (8th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987) (prejudicial error committed through closing argument of plaintiff's counsel, in police excessive force case, that the city would be paying for any judgment awarded by the jury against the officers).

**Motion in Limine #2: Any testimony, statement, or reference to Defendant or other witnesses' private personal information, such as, but not limited to, past and present residential information, and familial relations.**

Not only does such private information present safety risks to the Defendant and others if divulged, but it is highly likely that divulging such information will serve only to intimidate the Defendant or other witnesses. Further, such information is irrelevant and collateral and would confuse the jury. *See* Fed. R. Evid. 401, 402, and 403.

**Motion in Limine #3: Non-party witness sequestration.**

Defendant moves this Court, pursuant to Federal Rule of Evidence 615, to exclude non-party witnesses from the courtroom during the trial of this matter, except at the time of his or her own testimony. *See* Fed. R. Evid. 615.

**Motion in Limine #4: Any reference to the Court's ruling on the Motions in Limine.**

Plaintiffs or their counsel may want to argue, imply, or suggest to the jury that Defendant has sought to prevent, either through objections or through pre-trial motions, the jury from receiving information that may have a bearing on the issues in this case or the rights of the parties to this suit. Any such remark or implication is irrelevant, improper, and would be unfairly prejudicial, and therefore should be excluded.

**Motion in Limine #5: Documents not previously disclosed.**

Any documentation, including but not limited to statements, photographs, and videos, not previously provided to Defendant's attorneys in response to discovery requests, unless used for impeachment purposes, should be barred. Such evidence would be immaterial, irrelevant, and would serve no purpose but to prejudice Defendant.

**Motion in Limine #6: Unqualified lay testimony concerning any diagnosis of any alleged condition or causation.**

Plaintiffs may attempt to offer their own unqualified testimony to present expert-style causation and diagnosis opinions in the context of an officer-involved shooting. "Causation is an essential element of a [Section] 1983 cause of action." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Rule 701 limits lay testimony to that which is rationally based on the witness's perception. Lay testimony concerning causation and diagnosis opinions of an officer involved shooting is beyond the scope of testimony permissible under Rule 701.

**Motion in Limine #7: Exclude any reference to, evidence of, or testimony about the 2014 traffic stop, alleged assault on Cortez Bufford by other officers, the resulting medical bills, lawsuit, and settlement.**

The Defendant requests that any mention of the 2014 stop, alleged beating, medical bills, subsequent civil action, and settlement be excluded as it is inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury. The 2014 incident involved different officers and events, and is not relevant to the remaining claims against the Defendant concerning the December 12, 2019 incident.

**Motion in Limine #8: Argument implying planting, tampering, or "throwing" a gun or other heavy object, absent admissible, non-speculative proof.**

4

Plaintiffs have made reference to a "video" and assert that officers threw a heavy object and that blood patterns on the pistol found beneath the decedent indicated post-incident smearing. Such insinuations of fabrication are highly prejudicial and require competent evidence and foundation. The Defendant requests that any suggestion of evidence planting/tampering, "throwing" objects, or similar misconduct be excluded, unless Plaintiffs can first lay an admissible, non-hearsay, non-speculative foundation through competent witnesses and authenticated exhibits. *See* Fed. R. Evid. 403.

**Motion in Limine #9: Exclude references to generalized allegations of department customs, patterns, practices, or prior incidents unrelated to the parties or events at issue, including references to "Michael Brown," nationwide scrutiny, or community reactions.**

Defendant expects that Plaintiffs will make broad assertions regarding customs, patterns, and practices and invoke other incidents to imply liability. Such matters are irrelevant to the remaining claims against the Defendant and are unduly prejudicial. The Defendant requests that Plaintiffs be precluded from making any mention of unrelated incidents, community controversies, and national events.

**Motion in Limine #10: Exclude testimony that Defendant failed to identify himself or his conduct lacked "sufficient legal basis" unless a percipient foundation is shown and legal conclusions are avoided.**

The Plaintiffs have made assertions that the Defendant did not properly identify himself as a law enforcement officer, and the absence of a

legal basis for a pedestrian check. These are ultimate legal issues and risk improper lay legal conclusions unless limited to admissible personal observation. The Defendant requests that only percipient testimony about what was heard/said be permitted, and that legal characterization testimony be excluded.

Respectfully submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Paulina Fuhrmann*
Missouri Bar No. 77615
Assistant Attorney General
Missouri Attorney General's Office
815 Olive St, Ste 200 Street
St. Louis, MO 63101
Office: (314) 340-7871
Email: Paulina.Fuhrmann@ago.mo.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the Court's electronic filing system on all counsel of record.

/s/ Paulina Fuhrmann
Assistant Attorney General