**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMMY BUFFORD, individually and as Administrator of the Estate of Cortez D. Bufford, and ANTOINE BUFFORD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No.: 4:22-cv-01319-NCC |
| POLICE OFFICER LUCAS ROETHLISBERGER, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
**(Doc. 196)**

COME NOW Plaintiffs, Tammy Bufford, individually and as Administrator of the Estate of Cortez D. Bufford, and Antoine Bufford, by and through their undersigned counsel, and for their Response to Defendant's Proposed Jury Instructions (Doc. 196), respectfully state as follows:

**I.      Introduction.**

Pursuant to the Eighth Amended Case Management Order (Doc. 157), the parties were directed to submit their proposed jury instructions to the Court by April 3, 2026. Pursuant to the document the parties received at the beginning of the litigation, identified as United Magistrate Judge Noelle C. Collins Requirements, paragraph 11(d), Plaintiffs understood the Court to desire the parties to submit a joint packet of proposed jury instructions where possible. Thus, on April 3, 2026, the parties jointly submitted a proposed packet of explanatory jury instructions, and Plaintiffs separately submitted proposed jury instructions as to the specific counts at issue.

Pursuant to the Eighth Amended Case Management Order (Doc. 157) further provided that the parties should submit responses or objections to the April 3rd filings on or before April 10, 2026.

However, on April 10, 2026, Defendant filed his proposed jury instructions. (Doc. 196). Plaintiffs object to Defendant's proposed jury instructions on the basis that they are untimely filed.

## II.      Response to Proposed Instructions.

### A.  Proposed Instruction No. 1: Eighth Circuit Model Instruction 3.01

Plaintiffs object to Defendant's Proposed Instruction No. 1. Defendant indicated his agreement to submit Eighth Circuit Model Instruction 3.01 as part of the parties' joint proposed jury instructions, which were timely submitted on April 3, 2026. See Doc. 181-1, p. 20 ("Instruction P14").

### B.  Proposed Instruction No. 2: Eighth Circuit Model Instruction 3.02

Plaintiffs object to Defendant's Proposed Instruction No. 2. Defendant indicated his agreement to submit Eighth Circuit Model Instruction 3.02 as part of the parties' joint proposed jury instructions, which were timely submitted on April 3, 2026. See Doc. 181-1, p. 21 ("Instruction P15").

### C.  Proposed Instruction No. 3: Eighth Circuit Model Instruction 3.03

Plaintiffs object to Defendant's Proposed Instruction No. 3. Defendant indicated his agreement to submit Eighth Circuit Model Instruction 3.03 as part of the parties' joint proposed jury instructions, which were timely submitted on April 3, 2026. See Doc. 181-1, p. 22 ("Instruction P16").

**D. Proposed Instruction No. 4: Eighth Circuit Model Instruction 3.04**

Plaintiffs object to Defendant's Proposed Instruction No. 4. Defendant indicated his agreement to submit Eighth Circuit Model Instruction 3.04 as part of the parties' joint proposed jury instructions, which were timely submitted on April 3, 2026. See Doc. 181-1, p. 23 ("Instruction P17").

**E. Proposed Instruction No. 5: Eighth Circuit Model Instruction 3.07**

Plaintiffs object to Defendant's Proposed Instruction No. 5. Defendant indicated his agreement to submit Eighth Circuit Model Instruction 3.07 as part of the parties' joint proposed jury instructions, which were timely submitted on April 3, 2026. See Doc. 181-1, p. 25 ("Instruction P19").

**F. Proposed Instruction No. 6: Eighth Circuit Model Instruction 4.01**

Plaintiffs object to Defendant's Proposed Instruction No. 6, cited as being based upon Eighth Circuit Model Instruction 4.01. Defendant's proposed instruction references a singular "plaintiff" and references "his" claim. Plaintiffs' timely filed proposed instruction P22, based upon Eighth Circuit Model Instruction 4.01, appropriately references the plaintiffs by name and pronouns.

**G. Proposed Instruction No. 7: Eighth Circuit Model Instruction 4.40**

Plaintiffs object to Defendant's Proposed Instruction No. 7.

In the second paragraph, Defendant states as one of the elements to be proved in order to find *in favor* of Plaintiffs, that "First, the *decedent shot the plaintiff when apprehending him.*" (Emphasis added). (Doc. 196, p. 9). When inserting names, Defendant's proposed instruction

would read, "First, Cortez shot Tammy and Antoine Buffords when apprehending Tammy and Antoine Bufford" which is factually incorrect and would thus substantially mis-instruct the jury.

Defendant's continued use of referencing "plaintiff" in relation to the second and third purported elements serves to confuse the jury, wherein Defendant's conduct should be referenced relative to Cortez. Further, Defendant is inconsistent with his references to plaintiff(s), where sometimes it is plural and sometimes it is singular.

In the second-to-last paragraph of Defendant's proposed instruction, Defendant shortened the model instruction, stating, "You must decide whether the officer's actions were reasonable in light of the facts and circumstances confronting the officer." However, the model instruction states the paragraph in full, as submitted by Plaintiffs, "You must decide whether the officer's actions were reasonable in light of the facts and circumstances confronting the officer *without regard to the officer's own state of mind, intention or motivation."* (Doc. 189-1 at 8).

Defendant's proposed instruction also excluded several relevant paragraphs from the Model Instruction regarding use of deadly force that are applicable hereto. (Doc. 189-1 at 8-9).

**H. Proposed Instruction No. 8: Missouri Approved Instructions 5.01 Wrongful Death**

Defendant again references singular "plaintiff" in his Proposed Instruction No. 8.

Plaintiffs' proposed instruction based upon Missouri Approved Instruction 5.01, noted Instruction P29 (Doc. 189-1 at 18), contains additional language from R.S.Mo. § 537.090 that a jury should consider pecuniary losses such as funeral expenses and the reasonable value to Plaintiffs of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and/or support of Cortez, thus providing a more accurate and complete instruction to the jury.

WHEREFORE, Plaintiffs Tammy Bufford, individually and as Administrator of the Estate of Cortez D. Bufford, and Antoine Bufford, decedent's parents, respectfully request the Court deny Defendant his proposed jury instructions (Doc. 196), and for such other relief the Court deems appropriate.

Respectfully submitted,

By: ___/s/ _Paul A. Marks_____
Paul A. Marks, #6271319IL
Amy L. Bailey, #6335525IL
217 S. Main Street
Edwardsville, IL 62025
P | (618) 659-4499
F | (855) 319-7816
E | pleadings@sivialaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies pursuant to Fed. R. Civ. P. 5(b)(2)(E) that on 16 April 2026, the foregoing instrument was served upon all parties to the above-titled cause by filing it with the court's electronic-filing system.

*/s/ Tina M. Huett*